IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DUSTIN ROSENBAUM,** *et al.*                                                          **PLAINTIFFS**

**v.**                                    **No. 1:16-cv-00056-KGB**

**CHRISTY KISSEE,** *et al.*                                                              **DEFENDANTS**

### BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS

On October 4, 2016, Defendants filed a Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction, as well as a Brief in Support. (DE 14 – 16)  On January 13, 2017, Plaintiffs filed a Motion to Amend/Correct their Complaint. (DE 24)  Defendants filed their Motion in Opposition to the Motion to Amend/Correct on January 25, 2017. (DE 26)

Plaintiff's Response to the Motion to Dismiss was filed on October 17, 2017. (DE 36)  The motion to Dismiss is still pending.

On October 26, 2017, Plaintiff's counsel propounded their First Set of Discovery to the undersigned.  Defendants respectfully request this Court grant a stay in discovery until all pending motions have been ruled on, and it is clear who the remaining defendants and claims are (assuming their motion is denied, at least in part).

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); see *Kreditverein der*

*Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 945 (8th Cir. 2007) (recognizing a district court's inherent power to stay an action). Similarly, it is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Farouki v. Petra Int'l. Banking, Corp.*, 683 F. Supp. 2d 23, 26 (D. D.C. 2010) (citations and quotations omitted). Furthermore, "[d]iscovery is considered inappropriate ... while a motion that would be dispositive of the claims ... is pending." *Geiser v. Simplicity, Inc.*, No. 5:10-CV-21, 2011 WL 128776, at *4 (D. W. Va. Jan. 14, 2011) (Slip Copy). In determining whether staying a case is appropriate, the court will consider factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties. See *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008); see also *Nken v. Holder*, 556 U.S. 418, 434 (2009) (noting the court may consider the public interest and the parties' likelihood of success on the case's merits). "The party requesting a stay bears the burden of showing that the circumstances justify [a stay]." *Nken*, 556 U.S. at 433-34.

    Defendants have filed their motion to dismiss, claiming the Plaintiffs have failed to state a claim upon which relief may be granted, as well as this Court's lack of jurisdiction. In their discovery requests, Plaintiffs seek numerous documents related to certain individuals as well as policies, procedures, rules, regulations manuals, guidebooks, handbooks and training materials pertaining to several Arkansas agencies. (See attached discovery). Defendants respectfully state that

producing this information prior to a ruling on their Motion to Dismiss would create an undue burden and hardship on the Defendants and their counsel, especially given that they believe their motion should be dispositive of the claims against them.

As a result, Defendants respectfully request this Court grant a stay of discovery pending a ruling on the pending Motion to Dismiss, as well as any other motions which may be pending as well.

WHEREFORE, ADC Defendants respectfully requests that their Motion to Stay Discovery be granted, pending a ruling on their Motion to Dismiss.

        Respectfully submitted,

        LESLIE RUTLEDGE,
        Attorney General

By:   /s/ Christine A. Cryer
      Arkansas Bar # 2001082
      Senior Assistant Attorney General
      Attorney for ADC Defendant
      323 Center Street, Suite 200
      Little Rock, Arkansas 72201
      Telephone: (501) 683-0958
      Fax: (501) 682-2591
      christine.cryer@arkansasag.gov

## **CERTIFICATE OF SERVICE**

I Christine A. Cryer, hereby certify that on October 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Electronic notification will be sent to the following:

Raymond T. Starken           rtstarken@centurytel.net

I Christine A. Cryer, hereby certify that on October 26, 2017, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Louis A. Piccone
593 McGill Street
Hawkesbury, ON K6A-1R1
Canada

/s/ *Christine A. Cryer*
Christine A. Cryer